PEOPLE, PLAINTIFF AND APPELLEE, *v.* FERRÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action for Abandonment of Minors.

No. 1211.—Decided April 8, 1918.

ABANDONMENT OF MINORS—INFORMATION.—In order that an information for abandonment of minors may charge the commission of the real criminal act penalized by section 263 of the Penal Code, it must allege that the accused acted without lawful excuse.

ID.—LEGITIMATE CHILDREN—BASTARD CHILDREN.—The statute providing for the punishment of a person who neglects to support his or her child when able to do so, applies only to parents of legitimate children and not to those of bastard children.

The facts are stated in the opinion.
*Mr. Sandalio Torres Monje* for the appellant.

*Messrs. Salvador Mestre, fiscal* of the Supreme Court, and *Luis Campillo,* district *fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information in this case, in so far as pertinent, reads as follows:

"In the Judicial District of San Juan the said Francisco Ferrán wilfully and unlawfully failed to furnish the necessary food and clothing to his children María Socorro and Elcilla, aged three and ten years respectively, born of Josefina González with whom he cohabited for seven years."

The defendant was tried, convicted of the offense of abandonment of minors defined and penalized by section 263 of the Penal Code, and sentenced to ten days in jail. The said section reads as follows:

"Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law, to furnish necessary food, clothing, shelter, or medical attendance for such child; is guilty of a misdemeanor."

A comparison of the statute with the information is sufficient to show that the information does not charge the accused with the commission of the offense penalized by the statute, for it fails to allege that the defendant was without lawful excuse.

"In a criminal prosecution for the abandonment of minors," said this court in the case of *People* v. *Giraud,* 23 P. R. R. 492," it is not sufficient to show that the defendant failed to perform his paternal duty to his minor children by not furnishing them the necessary means of support, such as food, clothing and medical attendance. It must also be proved, according to section 263 of the Penal Code, that such omission was wilful and without lawful excuse."

Moreover, according to the information, the abandoned children in this case were not legitimate children, but were the offspring of his relations with Josefina González with whom he cohabited for seven years. The statute refers only

to parents (*padre o madre*) and in the case of *Díaz* v. *P. R. Ry., Lt. & Power Co.*, 21 P. R. R. 73, this court said:

"To extend the meaning of the words 'father,' 'mother' and 'child,' used in the statute, so that they should include natural fathers and mothers and illegitimate children, would be to do something which only the Legislature can do. And we cannot assume the functions of legislators."

The case of *Díaz, supra*, is a civil case, but the principle is the same as in criminal actions.

"Under the express provisions of some statutes a parent who wrongfully refuses or neglects to provide for his or her bastard child may be punished therefor. * * * But a statute providing for the punishment of any person who shall neglect to provide for a child of which he or she shall be the parent and which he or she shall be able to support applies only to parents of lawful children, and not to parents of bastards." 7 C. J. 957 and cases cited.

The fact that our civil law places upon parents the obligation to support their illegitimate children seems worthy of consideration. Nevertheless, it was held by the Supreme Court of California that the provisions of the civil law in the premises in no way affect the interpretation to be given to the criminal statute. Both the civil law and the criminal law of California on this subject are similar to the statutes in force in Porto Rico.

The doctrine to which we have just referred was laid down in the following words:

"Section 270 of the Penal Code, as originally adopted, making it a felony for a parent to wilfully omit to provide for a minor child, has no application to the father of illegitimate children, and section 196 *a* of the Civil Code, adopted in 1913, imposing the obligation on a father to support his illegitimate children, has not changed the application of section 270 of the Penal Code in any way." *In re Luigi Gambetta*, 169 Cal., 100.

In view of the foregoing the judgment appealed from should be reversed and the defendant discharged.

*Reversed and defendant discharged.*

Mr. Justice Wolf concurred.

Mr. Justice Hutchison concurred in the judgment.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.